# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Amadou C. Diabate,                                    Civ. No. 13-918 (PJS/JJK)

          Plaintiff,

v.                                                    **ORDER AND REPORT AND
                                                      RECOMMENDATION**

Delta Airline; TSA,

          Defendants.

---

Amadou C. Diabate, 600 18th Ave. N., Apt. 126E, Minneapolis, MN 55411, *pro se*.

Ana H. Voss, Esq., United States Attorney's Office, counsel for Defendant TSA.

---

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

Plaintiff Amadou Diabate, filed this action against Defendants Delta Airline ("Delta") and the Transportation Security Administration ("TSA"), seeking damages for claims of discrimination, breach of contract, and theft and conversion of his luggage.  The gist of this action is that Diabate experienced a significant change to his travel itinerary due to severe weather, causing his original flight to be cancelled, delaying his departure from the Minneapolis airport, lengthening his overseas trip to Mali, and culminating in the significantly late arrival of his bags, which showed up damaged and missing items of personal

property he had packed for his trip.  He also alleges that Delta employees, agents of TSA, and the United States Customs and Border Patrol ("US Customs") at the Minneapolis airport discriminated against him on the basis of his race.  And he appears to assert that nearly everyone he encountered during this ordeal was engaged in a conspiracy with the goal of separating him from his luggage so that his property could be stolen.

This matter is before this Court on TSA's Motion to Dismiss the Complaint of Diabate or, in the Alternative, for Summary Judgment (Doc. No. 6), brought pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) and, alternatively, Rule 56 of the Federal Rules of Civil Procedure.  The District Court has referred the motion to this Court for a Report and Recommendation under 28 U.S.C. § 636 (Doc. No. 12.)  This matter is also before the Court on three separate motions that Diabate has styled as motions to "stay."  (Doc. Nos. 16, 27, and 34.)  In these motions, Diabate asks the Court to permit him to add additional defendants and claims.  Specifically, he seeks permission to add US Customs as a defendant on grounds that a US Customs agent was involved in the conspiracy to separate him from his baggage so that his belongings could be stolen.  (Doc. Nos. 16, 27.)  He also seeks permission to add a claim against TSA and US Customs for having been involved in the theft of medication that was in his bags, which caused him to be unable to take the medication as prescribed thus compromising his health.  (Doc. No. 27.)  And he asks for leave to add a claim against Delta

employees named Sumu Baker and "Mike V" for their involvement in the aforementioned conspiracy. (Doc. No. 34.)

Diabate is representing himself in this matter, and though his pleadings and other papers in this matter have disclosed the crux of his cause of action, his pleadings lack the clarity they might if he were represented by counsel. This Court has endeavored to construe his Complaint and other submissions as favorably to Diabate as possible to understand what he says happened to him and why he believes he is entitled to relief in this Court. But, having reviewed the Complaint, TSA's motion to dismiss or for summary judgment, and Diabate's responses to that motion as well as his motions to "stay," this Court concludes that this case must be dismissed for various reasons.

First, Diabate has failed to show that he has effectively served Delta with a copy of the Summons and Complaint, and more than 120 days have passed since he filed the Complaint. Thus, under Fed. R. Civ. P. 4(m), his claims against Delta should be dismissed for failure to prosecute unless he can show good cause for the failure to effect service. What this means is that, in response to this Report and Recommendation, if Diabate wishes to proceed with this lawsuit against Delta, he must provide the District Court with a good reason why he has been unable to serve Delta so long after he commenced this case.

Second, Diabate's claims that TSA unconstitutionally discriminated against him should also be dismissed under the doctrine of sovereign immunity. The United States has not waived sovereign immunity for the type of discrimination

3

claims that Diabate alleges against TSA.  Thus, this Court has no power to hear such claims because they are not within the Court's jurisdiction.

Third, Diabate's claims against TSA for the damage to his baggage and the alleged theft by TSA employees of his personal belongings are also not within this Court's subject-matter jurisdiction.  Diabate has failed to plead any facts that would show he properly exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA").  Exhaustion of such remedies is a prerequisite to this Court exercising jurisdiction over the conversion claims Diabate has asserted.  What this means is that Diabate may still be able to pursue his claims with the TSA for damage to his property and the theft of his belongings, including his medication, if the statute of limitations has not expired on these claims, and he could do so by filing an appropriate complaint with the proper agency.

Finally, this Court denies Diabate's motions to "stay," which the Court construes as requests for leave to amend the Complaint.  To the extent Diabate seeks leave to add discrimination claims against US Customs, such leave would be futile; discrimination claims against US Customs suffer the same sovereign-immunity deficiencies as those he has alleged against TSA.  Similarly, his request to add claims against US Customs for the damage to his baggage and the theft of his property are futile because he has failed to show that he has even attempted to exhaust administrative remedies with US Customs that would bring such claims within the subject-matter jurisdiction of this Court under the FTCA.

And his requests to add Delta personnel as defendants are futile as well because they would not survive a motion to dismiss for failure to state a claim.

## BACKGROUND

The Plaintiff booked a flight from Minneapolis to Bamako, Mali, departing on August 4, 2012. (Doc. No. 1-1, Compl. 11.) Diabate went to the Minneapolis airport on the day of his flight, and checked three bags with Delta when he checked in for his flight. (*Id.*) But before Diabate left Minneapolis his itinerary was changed because of bad weather. (Compl. 6, ¶ 7.) Diabate's flight was then set to leave Minneapolis on August 5, 2012, instead of August 4, 2012. (Compl. 11.)

While at the gate in the Minneapolis airport, Diabate claims that a Delta agent harassed him and prevented him from getting on the plane because of his skin color. (Compl. 4–9.) He also alleges that an unnamed TSA agent also harassed him and prevented him from boarding the plane because of his skin color, even though he had a valid U.S. passport. (Compl. 5–9.)

Because of the weather issues and altered itinerary, Diabate claims that it took him almost five days to get to Bamako, rather than the typical two-day trip to that destination. (Compl. 9.) Dibate's bags were not at the airport when he arrived in Mali. (Compl. 5.) Instead he had to wait a total of 18 days to get his bags. (Compl. 5.) When he finally got his bags they were "damaged almost entirely and a lot of [his] belongings [were] missing." (Compl. 9.) Diabate claims his bags were sent through Paris and did not accompany him on his connecting

flight through Frankfurt. (Compl. 5; Compl., Ex. A at 7 (showing a baggage tag for Air France even though Diabate never flew on Air France).) Diabate alleges that TSA and Delta agents conspired to stop him at the gate and further separate him from his baggage to "cover the crime" of damage and theft to his baggage. (Compl. 5.)

On November 23, 2012, Diabate filed a complaint with TSA's Office of Civil Rights & Liberties regarding his claim that TSA discriminated against him because of his race, harassed and humiliated him, and "botched" his travel plans by preventing him from boarding the plane. (Compl. 8–11; Compl., Ex. C.) In his complaint to TSA, Diabate also alleged that his three bags were "almost entirely" damaged and "a lot of [his] belongings were missing." (Compl. 9.) Diabate did not specify the amount of damages he was seeking either for his discriminatory claim or for the damage to his three bags. (Compl. 8–9.) TSA dismissed Diabate's complaint due to insufficient evidence. (Doc. No. 8, Mot. to Dismiss and/or for Summ. J. ("TSA's Mem.") 4.)

On April 22, 2013, Diabate initiated this action against Delta and TSA, seeking $10,000,000 in damages for the harassment, discrimination, and property loss he suffered his flight from Minneapolis to Bamako. (Doc. No. 1, Compl.) Diabate also alleged a breach of contract claim against Delta. (Compl. 4.)

On September 20, 2013, TSA filed a Motion to Dismiss and in the alternative for Summary Judgment. (Doc. No. 6, Mot. to Dismiss and/or for

Summ. J.)  TSA argued that Diabate's claims should be dismissed for lack of subject-matter jurisdiction because of the United States' sovereign immunity and Diabate's failure to exhaust his administrative remedies prior to filing suit, as required under the Federal Torts Claims Act (FTCA),  28 U.S.C § 1346(b), 2675. (TSA's Mem., *passim*.)  TSA also moved to dismiss Dibate's claims under Federal Rule of Civil Procedure 12(b)(6) on the ground that he failed to allege sufficient facts to support a claim against TSA.  (TSA's Mem. 13.)  In the alternative, TSA moved for summary judgment under Federal Rule of Civil Procedure 56(b), arguing that Diabate has failed to present any genuine issue of material fact and that TSA is entitled to judgment as a matter of law.  (TSA's Mem. 8.)

On October 2, 2013, and November 5, 2013, Diabate filed two separate Motions to Stay Adding US-Customs claiming that a US Customs Agent disguised herself as a TSA Agent, harassed Diabate, and prevented him from boarding his flight.  (Doc. No. 16, Pl.'s Mot. to Stay Adding UUS-Customs ("Pl.'s Mem. I") 3; Doc. No. 27, Pl.'s Mot. to Stay and Add US-Custom in My Compl. from US-Attorney Own Decl.  ("Pl.'s Mem. II") 2–3.)  Diabate also claimed that by damaging and stealing from his bags, TSA prevented him from being able to take his medication, thus causing him serious injuries.  (Pl.'s Mem. I 5.; Pl.'s Mem. II 2.)

On November 18, 2013, Diabate filed a Motion to Stay and Add Sumu Baker & Mike V from Delta Airlines to his Complaint claiming that they were the

7

Delta agents that he had altercations with at the Minneapolis airport. (Doc.

No. 34, Pl.'s Mot. to Stay and Added Sumu Baker & Mike V from Delta Airline in

My Compl. and the Causality of their Actions on My Health ("Pl.'s Mem. III") 1.)

## DISCUSSION

### I.    Diabate's Failure to Prosecute Claims Against Delta

Diabate alleges discrimination and breach of contract claims against Delta.

(Compl. 4.) The claims against Delta should be dismissed pursuant to Federal

Rules of Civil Procedure 4(c)(1) and 4(m). Rule 4(c)(1) states:

> A summons must be served with a copy of the complaint. The
> plaintiff is responsible for having the summons and complaint served
> within the time allowed by Rule 4(m) and must furnish the necessary
> copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is
> filed, the court—on motion or on its own after notice to the plaintiff—
> must dismiss the action without prejudice against the defendant or
> order that service be made within a specified time. But if the plaintiff
> shows good cause for the failure, the court must extend the time for
> service for an appropriate period….

Fed. R. Civ. P. 4(m).

As of the date of this Order and Report and Recommendation, Diabate has

not demonstrated that he has served Delta with the Summons and Complaint,

and more than 120 days has passed since the filing of the Complaint on April 22,

2013 without an enlargement of time. During the hearing on November 7, 2013,

the Court asked Diabate whether he had served Delta. Diabate did not claim that

he had already served Delta or explain why he has failed to serve Delta. Unless

Diabate can show good cause why the service against Delta was not completed, then his claims against Delta should be dismissed without prejudice. The most efficient mechanism for Diabate to use to show why Delta has not been served is through the process of raising any objections to this Report and Recommendation.

## II.    Claims Against TSA

### A.    Legal Standard

TSA asserted that Diabate's claims must be dismissed for lack of subject-matter jurisdiction based on the doctrine of sovereign immunity. The United States possesses sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006) ("Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity."). This immunity can be waived, but the waiver must be clear and unmistakable. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Courts narrowly construe such waivers. *United States v. Sherwood*, 312 U.S. 584, 587–88 (1941).

Issues of sovereign immunity concern this Court's subject-matter jurisdiction, which must be addressed before reaching the merits of Diabate's claims. *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991) (noting that subject-matter jurisdiction is a threshold requirement); *Taylor v. Rice*,

Civ. No. 10-4746 (SRN/JJG), 2012 WL 246014, at *3 (D. Minn. Jan. 6, 2012) (noting that sovereign immunity is jurisdictional in nature). The court must decide jurisdictional issues, regardless of "whether they involve questions of law or of fact." *See Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). It is the plaintiff's burden to prove that jurisdiction does exist. *Osborn*, 918 F.2d at 730.

Sovereign immunity challenges implicating the Court's subject-matter jurisdiction can take two forms. Sometimes a jurisdictional challenge requires the court to make a factual determination to decide whether there is subject-matter jurisdiction. When that occurs the court may consider matters outside the pleadings, including affidavits or other documents, and may hold an evidentiary hearing at which witnesses may testify. The court then decides the factual dispute relevant to the threshold question of jurisdiction; it is not constrained as it would be on Rule 56 summary-judgment motions, to simply deciding whether a factual dispute exists that would warrant a trial. *See Osborn*, 918 F.2d at 728–30 (agreeing with the majority of courts that on a Rule 12(b)(1) motion where matters outside the pleadings are presented, the Court can resolve factual disputes on its own and need not apply a summary judgment standard). Another form of sovereign immunity jurisdictional challenge is one based on the complaint alone or on the complaint supplemented by undisputed facts evidenced in the record. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When such a "facial challenge" is made, the non-moving party receives the same protections and

presumptions of fact as it would under a motion to dismiss for failure to state a claim in this type of challenge. *Osborn*, 918 F.2d at 729.

In this case, the issue whether there is a lack of subject-matter jurisdiction can be decided on the facial challenge by reference to the pleadings alone because Diabate's pleadings are insufficient to meet his burden to plead the requisite jurisdictional facts, as described in more detail below.

### B. Plaintiff's Constitutional Discrimination Claims Are Barred by Sovereign Immunity and Should Be Dismissed Under Rule 12(b)(1)

Analyzing whether there is subject-matter jurisdiction over Diabate's discrimination claims as applied in a facial challenge, this Court concludes that Diabate has failed to plead sufficient facts that the United States has waived its sovereign immunity or that Diabate has a claim against a specific TSA agent. As described above, Diabate alleges that through the actions of the unnamed TSA agent, the United States has violated his constitutional rights by discriminating against him on the basis of his race. (Compl. 3–4.) He seeks damages for violations of his constitutional rights. (Compl. 4, 6.) However, the Court lacks subject-matter jurisdiction over these claims because the United States is immune from suit for damages for violations of an individual's constitutional rights. *Hartje v. FTC*, 106 F.3d 1406, 1408 (8th Cir. 1997) (explaining that suits for damages against federal government entities are barred by sovereign immunity despite the permissibility of *Bivens* claims against individual federal officers in their individual capacities); *Baragar v. Social Sec. Admin.*, Civil No. 12-

325 (DSD/JJG), 2013 WL 588220, at *3 (D. Minn. Feb. 13, 2013) ("Sovereign immunity bars any claim against the United States, [federal agencies], and federal officials in their official capacities for damages from a constitutional tort.") (quotations omitted).  And, as noted above, Diabate has only sued TSA itself, not any individual TSA agent (i.e. a federal official), and therefore he has not alleged a *Bivens* claim.  *Hartje*, 106 F.3d at 1406 ("A *Bivens* action, which provides a cause of action for a constitutional violation, is only available against federal officers, not government entities.").  For these reasons, Diabate's constitutional claims for damages against TSA must be dismissed for lack of subject-matter jurisdiction.

### C.    Plaintiff's FTCA Claim Regarding His Baggage Should be Dismissed Under Rule 12(b)(1)

Diabate's second claim against TSA is the tort claim of conversion, which concerns the damage to and theft from his baggage.  (Compl. 4, 9.)  Through the Federal Torts Claims Act (FTCA), 28 U.S.C §§ 1346(b), 2675, Congress provided a limited waiver of the United States' sovereign immunity for claims for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. §§ 1346(b), 2675.  Under the FTCA the United States may only be liable "under circumstances where the United States, if a private person, would be liable to the

claimant in accordance with the law of place where the act or omission occurred."
28 U.S.C. §§ 1346(b)(1), 2674.

For a federal district court to have jurisdiction over a claim under the
FTCA, the plaintiff must exhaust his administrative remedies by strictly complying
with the requirements of 28 U.S.C. § 2675(a). *Mader v. United States*, 654 F.3d
794, 807 (8th Cir. 2011); *see also McNeil v. U.S.*, 508 U.S. 106, 112 (1980)
("[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to
require complete exhaustion of Executive remedies before invocation of the
judicial process.").) Section 2675(a) requires a claimant to "first present[] the
claim to the appropriate Federal agency." 28 U.S.C. § 2575(a). The
presentment requirement of § 2675(a) is defined in part by the statute itself, but
also by the rules created by the Attorney General in 28 C.F.R. § 14.2(a). *Mader*,
654 F.3d at 804 (suggesting that the Attorney General's definition of the
presentment requirement was authorized by Congress). According to the rules
issued by the Department of Justice and Attorney General, administrative claims
under the FTCA are deemed presented under § 2765(a) "when a Federal agency
receives from a claimant . . . an executed Standard Form 95 or other written
notification of an incident, accompanied by a claim for money damages in a sum
certain for injury to loss of property . . . ." 28 C.F.R. § 14.2. "[A] claimant
satisfies the notice requirement of section 2675 if he provides in writing
(1) sufficient information for the agency to investigate the claims, and (2) the
amount of damages sought." *Farmers State Sav. Bank v. Farmers Home*

*Admin.*, 866 F.2d 276, 277 (8th Cir. 1989) (citations omitted) (called into doubt on other grounds); *Bryant v. Dep't of Army*, 553 F. Supp. 2d 1098, 1104 (D. Minn. 2008).

Here TSA alleges that Diabate failed to exhaust his administrative remedies under § 2675(a) by not submitting a proper complaint to TSA. (TSA's Mem. 11; Doc. No. 31, U.S.' Supplemental Br. in Supp. of Mot. to Dismiss and/or for Summ. J. ("TSA's Supplemental Br.") 2–3.) As noted above, Diabate's Complaint in this case demonstrates that he did file a complaint with TSA on November 23, 2012. (Doc. No. 1-3; *see also* Compl. 8–9.) However, the complaint he sent to TSA contained insufficient information to enable "the agency to investigate" the conversion claim. *See Farmers*, 866 F.2d at 277. Specifically, Diabate failed to meet the presentment requirements of 28 U.S.C. § 2675(a) because he did not provide TSA with a "sum certain" of his property damage and therefore did not inform TSA of the "amount of damages sought" for the damage to his bags and the theft of his baggage. *See* 28 C.F.R. § 14.2(a); *Farmers*, 866 F.2d at 277. Diabate did not include a claim for monetary damages at all in his complaint to TSA, let alone a specific amount for the damage and theft to his bags. (*See* Compl. 8–11; Compl., Ex. 3.) It is important for the claimant to state the amount of damages sought by providing a sum certain in his complaint to help the federal agency investigate the claim and "meaningfully consider and settle FTCA claims." *Mader*, 654 F.3d at 803. In *Mader v. U.S.*, the Eighth Circuit held that the "district court properly dismissed

14

the suit for want of subject-matter jurisdiction" where representatives had not properly presented their FTCA claim to the proper federal agency. 654 F.3d at 803. For wrongful death suits, part of the presentment requirement under the FTCA includes the submission of "evidence of [such representatives'] authority to act on behalf of the claims' beneficiaries." *Id.* The Eighth Circuit explained that the claimant's failure to strictly comply with this aspect of the presentment requirement, the federal courts lacked jurisdiction to hear a lawsuit. *Id.* The same is true here. Although the issue in this case is different from that in *Mader*, the principles at work are the same. Without presentation to the appropriate federal agency of the sum certain, an FTCA claimant has not completely exhausted administrative remedies because the federal agency cannot meaningfully consider and settle FTCA claims without that information. *See id.* at 801 (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993), for the proposition that "Congress intended to require *complete exhaustion of Executive remedies* before invocation of the judicial process") (emphasis added in *Mader*)). Here, Diabate failed to provide TSA with a specific damages amount that he sought, and, he thus failed to completely exhaust his administrative remedies and meet the strict requirements of § 2675(a).

Because Diabate failed to comply with the presentment requirements of § 2675(a), his conversion claim against TSA must be dismissed without

prejudice[1] under Rule 12(b)(1) for lack of subject-matter jurisdiction. *See Mader*, 654 F.3d. at 808 (holding failure to comply with § 2675(a) is grounds for dismissal for "want of subject-matter jurisdiction" and explaining that satisfying § 2675(a)'s requirements is a limitation on the waiver of the United States' sovereign immunity); *Jones v. Douglas County Corrections Center*, 306 Fed. Appx. 339 (8th Cir. 2009) (holding that if a claimant fails to exhaust administrative remedies under the FTCA then the claim should be dismissed without prejudice); *see also Reiter v. Cooper*, 507 U.S. 258, 269 (1993) ("Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed.").

Under the FTCA Diabate may still be able to file a claim with TSA for the damage to his baggage and any allegedly stolen property. According to 39 C.F.R. § 912.3, a "claim under the Federal Tort Claims Act must be presented within two years from the date the claim accrues." Diabate's flight from Minneapolis was on August 5, 2012, and, as a result, the two year statute of limitations may not yet be expired. (*See* Compl. 11.) In TSA's Supplemental Brief, TSA directed Diabate to its website, which includes detailed instructions on TSA's claim process. (Doc. No. 31., TSA's Suppl. Br. 2; Doc. No. 32, Declaration ("Voss Decl."), Ex. 1.) TSA also attached a packet of forms along with the Voss

---

[1] In *Hart v. United States*, 603 F.3d 1085, 1091 (8th Cir. 2011), the district court modified the district court's dismissal of an FTCA claim for lack of subject-matter jurisdiction to be without prejudice.

Declaration that contained an overview of the TSA claims process, instructions on submitting a claim, and the Standard 95 Form. (Voss Decl., Ex. 2.) On November 11, 2013, TSA served Diabate with a copy of its Supplemental Brief, the Voss Declaration, and the corresponding exhibits. (Doc. No. 33, Certif. of Serv.) Diabate may consider whether to pursue his claims further with TSA concerning the handling of his baggage and the alleged theft of his personal property, but until he does so in compliance with the FTCA, this Court lacks subject-matter jurisdiction over these claims.

### III. Diabate's Motions to Stay

#### A. The Amendments Diabate Requests Are Futile

Based on the content of his Motions to Stay, Diabate wants to make three amendments to the Complaint: (1) add US Customs as a defendant in the case; (2) add another claim against TSA regarding his medication being lost or stolen and how this resulted in his injury; and (3) add Delta agents Sumu Baker & Mike V as Defendants. (Pl.'s Mem. I 3; Pl.'s Mem. II 1–2; Pl.'s Mem. III 1.) Based on the actual relief Diabate requests in these motions to "stay," and because we are mindful that *pro se* litigants like Diabate may submit documents attempting to eliminate pleading deficiencies which we should treat as motions for leave to amend a complaint, we will treat these three motions to "stay" as motions to amend. *See Iheme v. Smith*, No. 13-2239, ___ F. App'x ___, 2013 WL 4824892, at *1 (8th Cir. Sep. 11, 2013) (concluding that the district court should have treated a *pro se* litigant's objections to the magistrate judge's report

17

and recommendation as a motion for leave to amend the complaint and citing *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8ht Cir. 2011)). Because this Court concludes that none of Diabate's requests to amend his Complaint resolve the existing pleading deficiencies in this case or otherwise justify granting him leave to amend, these motions are denied.

Except where an amendment is permitted as a matter of course, under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The trial court has discretion to decide whether to grant leave to amend. *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). "There is no absolute right to amend." *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).

The first two proposed amendments Diabate requests should be dismissed as futile under Federal Rule of Civil Procedure 12(b)(1). Diabate has failed to show that he has exhausted his administrative remedies for either FTCA claim under 28 U.S.C. § 2675(a). First, the motions to amend to include US Customs as a party (Doc. Nos. 16, 27) could not survive a motion to dismiss for the same

18

reasons that Diabate's claims against TSA fail.  US Customs is another entity of the United States and has sovereign immunity against discrimination and harassment claims.  As with TSA, Diabate has not asserted facts sufficient to allege any *Bivens* claim against an individual US Customs agent.  *Hartje*, 106 F.3d at 1406 ("A *Bivens* action, which provides a cause of action for a constitutional violation, is only available against federal officers, not government entities.").  Further, a claim for conversion against US Customs for his baggage also fails under the FTCA because Diabate has not shown that he ever filed a complaint with US Customs and Border Patrol.  Therefore, he has not demonstrated that he exhausted his administrative remedies as required under § 2675(a) to give the Court subject-matter jurisdiction.

Second, his requests for leave to amend to add another damage claim against TSA regarding the physical injuries he has sustained as a result of the alleged theft of his medication from his luggage (Doc. Nos. 16, 27) are also futile under the FTCA.  Diabate never presented such a claim to TSA, and thus he did not exhaust his administrative remedies related to these injuries as required under § 2675(a).

Diabate's third proposed amendment to add the two Delta employees to the Complaint (Doc. No. 34) should be dismissed as futile because it would not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) 1949 (citing *Twombly,* 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  *See Twombly,* 550 U.S. at 555.  "[L]abels and conclusions" are not sufficient, and are not entitled to an assumption of truth.  *Iqbal,* 129 S.Ct. at 1949 (quotations and citation omitted).  In addition, this court notes that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  However, even a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

  In his motion to stay, Diabate does not provide any facts supporting his claims against the two Delta employees, Sumu Baker and "Mike V."  Diabate does not allege any details about how Sumu Baker and Mike V discriminated against him.  He only says that there is apparently a videotape that shows the altercation between Sumu Baker, Michael V, and Diabate.  (Pl.'s Mem. III 1.)  He also does not allege any specific facts about how Sumu Baker and Mike V

damaged his bags or stole his medication. He just asserts that they robbed him. (Pl.'s Mem. III 1–2.)

Finally, Diabate's allegations of a conspiracy between US Custom, Delta, and TSA also are futile under Rule 12(b)(6). Diabate does not assert any facts to suggest that such a conspiracy exists, let alone how any of the individuals he purports to add as defendants are part of any conspiracy. (Pl.'s Mem. III 1.) These general allegations against Sumu Baker and "Mike V" are speculative and not supported by sufficient allegations of fact. They would not, therefore, not survive a Rule 12(b)(6) challenge.

## B. Diabate's Fourth Motion To Stay

On December 2, 2013, Diabate filed a fourth "Motion to Stay." (Doc. No. 35.) The relief he seeks in this fourth motion is unclear, although he asks the Court to request a video he contends supports his allegations. The Court does not conduct discovery for the parties involved in litigation pending before it, and as a result, this motion is denied.

Diabate also states that a lawyer with "University of Minnesota Legal Service contacted Delta, Ethiopian-Airlines on SEPTEMBER 2012 about the matter." (Doc. No. 35 at 1.) To the extent Diabate offers this as a response to the Court's question at the hearing about why he has failed to serve Delta with a copy of the Summons and Complaint in this matter, this Court notes that this does not provide proof of service. This case was commenced on April 22, 2013,

several months after Diabate's representative allegedly contacted Delta in September 2012.

Finally, Diabate states that "last Friday" he sent TSA a form about his claim. The Court assumes that Diabate is now attempting to exhaust his administrative remedies with that agency, but cannot determine based on the information in the motion whether this is correct. This does not, however, alter this Court's conclusions concerning the Court's lack of subject matter jurisdiction over Diabate's FTCA claims. If anything, it reinforces that the matter concerning his property and injuries allegedly caused by having been without medication should be dismissed without prejudice so that Diabate can pursue his available administrative remedies.

## ORDER

Based on the foregoing, and all the files records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Stay (Doc. No. 16), is **DENIED** for the futility of the amendment to the Complaint;

2.      Plaintiff's Motion to Stay (Doc. No. 27), is **DENIED** for the futility of the amendment to the Complaint;

3.      Plaintiff's Motion to Stay (Doc. No. 34), is **DENIED** for the futility of the amendment to the Complaint; and

4.      Plaintiff's Motion to Stay (Doc. No. 35), is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      Defendant TSA's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 6), be **GRANTED** as follows:

    a.      Plaintiff's discrimination claims against TSA should be dismissed without prejudice for lack of subject-matter jurisdiction on grounds of sovereign immunity;

    b.      Plaintiff's FTCA claims against TSA should be dismissed without prejudice for lack of subject-matter jurisdiction on grounds of failure to exhaust administrative remedies;

2.      Unless Plaintiff can show good cause why service against Delta has not been completed by the time the period for objecting to this Report and Recommendation has expired, then the claims against Delta should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 4(m); and

3.      This case be **DISMISSED.**


Date: December 3, 2013                   _s/ Jeffrey J. Keyes_____
                                         JEFFREY J. KEYES
                                         United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 17, 2013,** a writing which specifically identifies those portions of this

Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.